UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALRELIO EVANS,

Plaintiff,

v.

JUSTIN THOMAS *et al.*,

Defendant.

Case No. 1:24-cv-913

Honorable Hala Y. Jarbou

# REPORT AND RECOMMENDATION

This is a *pro se* civil action brought by Plaintiff Alrelio Evans. Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. *See* MDOC Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/search (enter First Name "Alrelio," Last Name "Evans," select Search, select Offender Number 367619) (last visited Oct. 20, 2026).[1] Plaintiff is serving a life sentence without parole, for one count of first-degree murder, imposed by the Wayne County Circuit Court on June 7, 2001. *Id*. This matter is before the Court on Defendant Simon's motion for summary judgment. (ECF No. 45.) The motion is unopposed. For the reasons set forth below, I recommend that Defendant's motion be granted and that Plaintiff's complaint be dismissed with prejudice.

[1] This Court takes judicial notice of the information provided by a search of the MDOC's OTIS website with regard to Plaintiff. *See, e.g., United States v. Alexander*, 543 F.3d 819, 824 (6th Cir. 2008); *Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004).

## Discussion

### I. Factual and Procedural Background

Plaintiff, along with 15 other MDOC inmates, commenced this action on September 6, 2024. (Compl., ECF No. 1.) The Court severed the joined claims into separate actions for each plaintiff and directed each plaintiff to file an amended complaint raising only his claims. (Order, ECF No. 3.) After preliminary screening under the Prison Litigation Reform Act, (Op. and Order, ECF Nos. 11, 12), and a prior summary judgment motion, (R&R and Order, ECF Nos. 37, 39), it appeared that only one claim against one defendant remained. But, there is a serious question whether any claims actually remain in this action.

Plaintiff sued "Defendant Unknown staff" for violating Plaintiff's Eighth Amendment rights by blocking SecurePak access. (Am. Compl., ECF No. 8, PageID.110, 119, 131.) That claim was dismissed during preliminary screening for failure to state a claim. (Op., ECF No. 11, PageID.163–165; Order, ECF No. 12, PageID.177.) Although that Eighth Amendment claim was dismissed, other Eighth Amendment claims survived: specifically, "Plaintiff's Eighth Amendment claim regarding Plaintiff's continued detention in segregation-like conditions against Defendants Davids, Bonn, Brokaw, Dunigan, Luther, Smith, Simon, Saad, Schafer, Norton, Bookie, and Maranka." (Op., ECF No. 11, PageID.162–163.)

One could argue that "blocking SecurePak access" was, indeed, one of the "segregation-like conditions" that survived screening. The Court's screening opinion offers some clarification:

> In his amended complaint, Plaintiff contends that the Start Now program is an unconstitutional solitary confinement/punishment targeting mentally ill inmates like himself. . . . He alleges that while in the Start Now unit, he received little to no mental health treatment. He also asserts that he must be handcuffed whenever removed from his cell, that he is not allowed to use the gym for exercise, and that he is not allowed to clean his cell properly. Throughout his amended complaint, Plaintiff alleges that his continued placement in the Start Now unit has aggravated

> his mental illness. Plaintiff alleges that he notified Defendants Washington, Bush, Heydens, Davids, Bonn, Brokaw, Dunigan, Luther, Smith, Simon, Saad, Schafer, Norton, Bookie, and Maranka about his mental illnesses and his aggravated symptoms, to no avail. (*Id.*)

(*Id.*, PageID.161.) With that clarification, the undersigned concludes that "blocking SecurePak access" was not part of the Eighth Amendment claim that survived screening.

Defendants moved to dismiss the claims that survived screening for lack of exhaustion. (Mot. and Br., ECF No. 34, 35.) In Defendants' motion, they acknowledged that Plaintiff had exhausted one grievance: ICF 1280. (Defs' Br., ECF No. 35, PageID.290.) That grievance stated:

> I was not allowed to receive a SecurePak. My mom told me on 10-31-22 that she attempted to order a SecurePak but wasn't allowed to because of a restriction imposed upon me due to being in the START Program. . . . The unknown staff member who restricted my SecurePak violated my 8th Am. Rights under conditions of confinement since denied basic hygiene items (soapy deodorant, OTC meds.) as well as my 14th Am. Rights to Equal Protection since other prisoners similarly situated received SecurePaks and food items. I request to be allowed SecurePaks.

(Grievance ICF-1280, ECF No. 35-3, PageID.405.) Plaintiff reported that he had attempted to informally resolve the issue prior to writing the grievance. He indicated that he "addressed the issue with P.C. Simon." (*Id.*) Based on Plaintiff's pursuit of ICF-1280 through all three administrative grievance steps, Defendants included the following statement in their brief: "[t]he MDOC Defendants are not challenging exhaustion under ICF-1280, but the only claim exhausted by (and raised in) ICF-1280 is PC Simon's alleged denial of Evans' SmartPak on October 31, 2022." (Defs' Br., ECF No. 25, PageID.290.) For that reason, Defendants did not ask the Court to dismiss Defendant Simon for Plaintiff's failure to exhaust his administrative remedies.

Although Defendant Simon was not dismissed from the case, perhaps he should have been. The only Eighth Amendment claim that remained against Defendant Simon was the claim regarding the exacerbation of Plaintiff's mental health issues by holding him in segregation-

like conditions. That claim was unexhausted and, therefore, properly dismissed as against Defendant Simon, just as it had been dismissed against the other Defendants. Moreover, the only claim that was exhausted was "blocking SecurePak access" which was no longer in the case—and, even if it were, has never been raised against Defendant Simon. Nonetheless, because of Defendants' carve-out with regard to the scope of their motion, the report and recommendation indicated that "[i]f the Court adopts these recommendations, then the only claim remaining in this case will be plaintiff's Eighth Amendment claim that defendant Simon failed to provide plaintiff with a SmartPak on October 31, 2022." (R&R, ECF No. 37, PageID.490.)

The undersigned concludes that, for all of the reasons set forth in the January 5, 2026, report and recommendation, Plaintiff's claims against Defendant Simon are properly dismissed because the only claims remaining against him are unexhausted.

Out of an abundance of caution, however, the Court will also address the merits of Plaintiff's SecurePak claim as if he had raised it against Defendant Simon. Plaintiff has not opposed Defendant Simon's summary judgment motion; but he did provide sworn testimony during his deposition. Defendant Simon has attached excerpts from that deposition to his brief. (Evans Dep. Tr., ECF No. 46-2.)

Plaintiff testified that on October 31, 2022, he spoke with his mother. (*Id.*, PageID.536.) She informed him that they had not allowed her to order a SecurePak on Plaintiff's behalf. (*Id.*) She was told that Plaintiff's account for the purpose of obtaining Access SecurePaks was blocked. (*Id.*, PageID.541.) After Plaintiff spoke to his mother, he contacted Defendant Simon to find out why his account was blocked. (*Id.*, PageID.541–543.)

Plaintiff did not know why Defendant Simon was determined to be the one "responsible" for blocking access to SecurePaks. (*Id.*, PageID.542–544.) He thought it was

possible the presiding judge in this case had made that determination. (*Id.*, PageID.543.) The only knowledge Plaintiff had regarding Defendant Simon's involvement was that he asked Defendant Simon about the blocked access and Defendant Simon told Plaintiff that he could not get SecurePaks because he was in segregation. (*Id.*, PageID.543–544.)

Defendant Simon, on the other hand, explains:

> 2. The MDOC uses a private vendor named Access Securepak to allow friends and families to purchase and send various items to prisoners using packages called SecurePaks.
>
> 3. As a [Prison Counselor], I did not work for the vendor Access Securepak.
>
> 4. I also did not have any involvement with Access Securepak's processing of or rejecting purchases.
>
> 5. For prisoners who could not receive SecurePaks, either because they could not afford them or could not order them because of their status, there were other ways for prisoners to obtain necessary hygiene items.
>
> 6. Prisoners could sign up for indigent loans each month and then make purchases of desired hygiene products, or, if the prisoner was waiting for an indigent loan, they would still receive basic necessities such as soap, toothpaste, and deodorant.
>
> 7. At no time did I prevent Evans' mother from purchasing a SecurePak, nor would I have been able to prevent that purchase through the vendor.
>
> 8. At no time did I deny Evans access to necessary hygiene items.

(Simon Decl., ECF No. 46-3, PageID.555–556.)

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288–89 (1961)). "Putting

all of that together, Rule 56 asks 'whether the evidence is so one-sided that one party must prevail as a matter of law.'" *DeVooght v. City of Warren, Mich.*, 157 F.4th 893, 899 (6th Cir. 2025) (quoting *Anderson*, 477 U.S. at 252).

Summary judgment is not an opportunity for the Court to resolve factual disputes. *Id*. The Court "must shy away from weighing the evidence and instead view all the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in their favor." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021). Nonetheless, a court need not accept bare legal conclusions couched as factual allegations or unwarranted factual inferences in resolving a motion for summary judgment. *See, e.g., Yanovich v. Zimmer Austin, Inc.*, 255 F. App'x 957, 969 (6th Cir. 2007) ("Even under the generous standard of review for a grant of summary judgment, we do not 'accept as true legal conclusions or unwarranted factual inferences.'").

An opponent of a motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.*, at 257. Federal Rule of Civil Procedure 56(c) identifies the types of affirmative evidence contemplated: "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Defendant Simon has provided his own verified declaration as well as Plaintiff's deposition testimony. Plaintiff has not provided anything.

Even when the Court considers the parties' "verified" statements, the Court need not accept every "verified" statement as true. Federal Rule of Civil Procedure 56 identifies specific requirements for affidavits or declarations used to support or oppose a motion for summary judgment: they "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

"[T]he standard that a movant must meet to obtain summary judgment depends on who will bear the burden of proof at trial." *Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, 115 F.4th 480, 488 (6th Cir. 2024) (alteration in original) (quoting *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 491 (6th Cir. 2020)). "[W]hen the moving party bears the burden of proof [at trial], their initial summary judgment burden is higher in that [they] must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 489 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (internal quotation marks omitted). When the moving party does not bear the burden of proof at trial, they may meet their initial burden at summary judgment by "either: (1) submitting 'affirmative evidence that negates an essential element of the nonmoving party's claim'; or (2) demonstrating 'to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.'" *Kava v. Peters*, 450 F. App'x 470, 473 (6th Cir. 2011) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).The nonmovant must then present "sufficient evidence from which a jury could reasonably find in [their] favor." *Davis v. Sig Sauer, Inc.*, 126 F.4th 1213, 1230 (6th Cir. 2025) (cleaned up).

Plaintiff has not responded to the summary judgment motion filed by Defendant Simon. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). The trial court is required to "intelligently and carefully review the legitimacy of such an unresponded-to motion" and cannot "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Id*. at 405.

Plaintiff—the non-moving party—bears the burden of proof at trial. The moving party, Defendant Simon, must either (1) demonstrate that Plaintiff cannot present evidence to show an essential element of his claim or (2) present evidence that negates an essential element of Plaintiff's claim. As set forth below, the undersigned concludes that Defendant Simon has demonstrated that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.

**A. Plaintiff has Failed to State any Claims Against Defendant Simon That Have Been Exhausted**

As explained above, the only Eighth Amendment claim against Defendant Simon that survived screening was the claim regarding the exacerbation of Plaintiff's mental health issues by holding him in segregation-like conditions. That claim was unexhausted and, therefore, is properly dismissed as against Defendant Simon just as it was against the other Defendants. The only claim relating to Defendant Simon that was exhausted was "blocking SecurePak access." That claim did not survive screening and, even if it has survived screening, was never raised against

Defendant Simon. Accordingly, there are no genuine issues of material fact and Defendant Simon is entitled to judgment as a matter of law.

**B. Defendant Simon has Shown He Was Not Involved in Blocking Plaintiff's SecurePak Access**

The only claim that survived screening and the prior summary judgment decision relating to failure to exhaust administrative remedies is that Plaintiff's access to a SecurePak was blocked on or about October 31, 2022. Plaintiff does not specifically contend that Defendant Simon was involved in that decision and Defendant Simon has provided verified testimony that he was not involved in that decision. Accordingly, with regard to Defendant Simon's participation in blocking SecurePak access, there are no genuine issues of material fact and Defendant Simon is entitled to judgment as a matter of law.

**Recommendation**

For the reasons set forth above, I respectfully recommend that Defendant Simon's motion for summary judgment (ECF No. 45.) be granted and that Plaintiff's remaining Eighth Amendment claim, if any, be dismissed, because there are no genuine issues of material fact and Defendant Simon is entitled to judgment as a matter of law. If the Court adopts the recommendation, it will resolve all remaining claims with regard to all parties.

Dated: October 21, 2026

/s/ Ray Kent
Ray Kent
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).